IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-HC-02138-M-RJ

| | |
|---|---|
| SCOTT WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 8, 2022, Scott Wilson ("petitioner"), an inmate at F.C.I. Butner, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [D.E. 1]. Pursuant to an order of deficiency, Order [D.E. 3], petitioner re-filed his petition on the correct forms, Pet. [D.E. 4], and moved for leave to proceed *in forma pauperis*, Mot. [D.E. 5]. The court allowed the action to proceed. Order [D.E. 8]. On June 2, 2023, respondent moved to dismiss the action for failure to state a claim. Mot. [D.E. 14]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 16]. Petitioner timely filed a response [D.E. 19].

For the reasons discussed below, the court grants respondent's motion to dismiss.

Background:

On February 5, 2010, in the United States District Court for the District of Maryland, petitioner pleaded guilty via a written plea agreement to Arson in violation of 18 U.S.C. § 844(i). See United States v. Wilson, No. 1:09-CR-00036-RDB-1 (D. Md. Feb. 5, 2010), Plea Agreement [D.E. 37]. On August 4, 2010, petitioner was sentenced to, *inter alia*, 240 months' imprisonment. Id., J. [D.E. 51]. Petitioner directly appealed, id., [D.E. 53], and the United States Court of Appeals

for the Fourth Circuit ("Fourth Circuit") affirmed in an unpublished, *per curiam* opinion, id., Op. [D.E. 67]. On January 28, 2013, petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Id., Mot. [D.E. 83]. On March 24, 2015, the sentencing court denied this section 2255 motion. Id., Order [D.E. 123]. Petitioner appealed, id., [D.E. 145], and, on July 19, 2019, the Fourth Circuit affirmed in an unpublished, *per curiam* opinion, id., Op. [D.E. 148].

Arguments:

In the instant § 2241 petition, as his first ground for relief, petitioner states: "844(i) arson under 18 U.S.C. [§] 16(a)(b) is not a (crime of violence) when you burn your own property as it is unconstitutionally vague [sic]." Pet. [D.E. 4] at 6. Petitioner notes he burned his own home. Id.

As his second ground for relief, petitioner states: "14 Amendment (sec 1) all persons nor deny to any person within its jurisdiction the equal protection of the laws as many others have had 844(i) U.S.C. [§] 1816(a)(b) ruled is not a crime of violence when one burns their own property–both non-citizens and U.S. citizens [sic]." Id. at 6.

As to his requested relief, petitioner states:

> Relief that 844(i) 18 U.S.C. 16(a)(b) not be a crime of violence. That[,] under the First Step Act[,] I can't receive some of the benefits in the form of programming since I've done 70% of my time on 240 months and I have no place to go. There are some tools that I can help myself with [sic].

Id. at 7.

Respondent argues, *inter alia*, petitioner is statutorily ineligible for First Step Act ("FSA") relief. See Resp't Mem. [D.E. 15] (citing 18 U.S.C. § 3632(d)(4)(D)(xix)).

In response, petitioner argues that respondent failed to address his Fourteenth Amendment equal protection arguments and some courts have found his crime of conviction does not constitute

2

a "crime of violence." See Pet'r's Resp. [D.E. 19] at 1–2. Thus, he contends, because burning his own property is not inherently a "crime of violence," he should be eligible for FSA relief. Id.

## Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). When considering a motion to dismiss, a court accepts as true all factual allegations but need not accept legal conclusions drawn from the facts, see Iqbal, 556 U.S. at 678–79, nor "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), facts alleged "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

To the extent petitioner challenges his conviction and sentence under § 844(i), he generally must seek relief under § 2255, not under § 2241. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (per curiam). Thus, petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the "savings clause" of 28 U.S.C. § 2255(e)); see Jones v. Hendrix,

3

599 U.S. 465, 471 (2023) (holding that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act's] restrictions on second or successive § 2255 motions by filing a § 2241 petition."); see also In re Vial, 115 F.3d 1192, 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)).

Under the Fourth Circuit's In re Jones section 2255(e) "savings clause" test, § 2255 relief is "inadequate or ineffective" if:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Prousalis, 751 F.3d at 275 (citing In re Jones, 226 F.3d at 333–34).

Under the Fourth Circuit's section 2255(e) "savings clause" test announced in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) ("Wheeler"), cert. denied, 139 S. Ct. 1318 (2019), § 2255 relief is "inadequate or ineffective" to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

4

The court lacks jurisdiction to consider a § 2241 petition on the merits unless the petitioner satisfies the requirements of one of these "savings clause" tests. See id. at 423; Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

Because no subsequent change of law has rendered non-criminal the conduct of which he was convicted, petitioner fails to satisfy the second prong of the In re Jones test. See In re Jones, 226 F.3d at 333 n.3. Moreover, because petitioner neither identifies a change in the "settled substantive law" that was deemed to apply retroactively to cases on collateral review, nor presents a "fundamental defect," he also fails to satisfy the second and fourth prongs of the Wheeler test. See Wheeler, 886 F.3d at 429; cf. Braswell v. Smith, 952 F.3d 441, 446–51 (4th Cir. 2020).

Thus, because he fails to satisfy either § 2255(e) "savings clause" test, the court lacks jurisdiction to consider under § 2241 any collateral attack on petitioner's § 844(i) conviction and sentence. Wheeler, 886 F.3d at 423; Rice, 617 F.3d at 807; see Jones 599 U.S. at 477.

Next, petitioner's request for FSA relief, although potentially cognizable under § 2241, is statutorily foreclosed. Under the FSA, by participating in Federal Bureau of Prisons approved programming, an "eligible" inmate may earn "time credits" that reduce the custodial portion of his sentence. See 18 U.S.C. §§ 3621(h)(2), 3632(d)(4)(A), (D). Nevertheless, because petitioner is serving a sentence for a conviction under § 844(i), he is statutorily ineligible to receive FSA "time credits." 18 U.S.C. § 3632(d)(4)(D)(xix) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . . Subsection (f)(3), (h), or (i) of section 844, relating to the use of fire or an explosive."); 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA Time

5

Credits"); see also McNeill v. Ramos, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (per curiam) (unpublished) (affirming the dismissal of a § 2241 petition without prejudice where the district court found the petitioner was ineligible for FSA "time credits" because he was serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D)).

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Conclusion:

For the above reasons, the court: GRANTS respondent's motion to dismiss [D.E. 14]; DISMISSES WITHOUT PREJUDICE this § 2241 petition for lack of jurisdiction, in part, and as statutorily foreclosed, in part; DENIES the motion to proceed *in forma pauperis* [D.E. 5]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 17th day of November, 2023.

RICHARD E. MYERS II
Chief United States District Judge

6